**Harvinder SINGH, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 05–2441–ag.**

United States Court of Appeals, Second Circuit.

June 2, 2006.

Harvinder Singh, pro se, Carteret, NJ, for Petitioner.

Frances E. Catron, Acting United States Attorney for the Eastern District of Kentucky, Anna R. Gwinn, Assistant United States Attorney, Lexington, KY, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

Harvinder Singh, *pro se*, petitions for review of the BIA decision affirming the decision of Immigration Judge ("IJ") Brigitte LaForest denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiar-

ity with the underlying facts and procedural history of the case.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ's decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

The IJ determined that Singh was not credible based on his inability to describe the basic tenets of the Sikh religion, and the inconsistencies between his testimony and the statements made in his asylum application. Specifically, Singh was unable to explain the basic principles of the Sikh religion or of the particular branch of that religion to which he allegedly belonged. Moreover, Singh was short-haired, clean-shaven, did not wear a turban or bracelet, and did not carry a ceremonial dagger, and he was not able to offer a convincing explanation for this failure to abide by the tenets he acknowledged to be part of his claimed religion.

In addition, Singh's testimony before the IJ differed in material respects from the information included in his asylum application. Most importantly, Singh claimed in his asylum application that he was arrested and beaten in March 1997 while delivering chickens. However, when testifying before the IJ, Singh claimed that he had been planting rice in his field. He was not able to provide a credible explanation for the discrepancy. Because this part of the testimony bears a legitimate nexus to Singh's claim of persecution, his lack of credibility with respect to these events provides sufficient support for the adverse credibility finding under the substantial evidence standard. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir.2005). Therefore, the IJ's finding will not be disturbed.

Because Singh was unable to prevail on his asylum claim due to the IJ's adverse credibility determination, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003). Additionally, Singh failed to present any evidence that it was more likely than not that he would be tortured upon his return to India, and, thus, his CAT claim fails as well. *See Ramsameachire*, 357 F.3d at 184–85.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, Singh's pending motion for a stay of removal in this petition is DENIED as moot.